**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TANYA RUTNER HARTMAN, et al., | : | Case No. 2:20-cv-1952 |
| Plaintiffs, | : | |
| | : | Judge Marbley |
| -vs- | : | |
| | : | |
| AMY ACTON | : | NOTICE OF FILING: |
| *In her official capacity as Director of the Ohio Department of Health* | : | (i) Declaration of Paul Zeltwanger; |
| | : | (ii) Declaration of Michael Wilson; |
| Defendant. | : | (iii) Declaration of Tanya R. Hartman; and |
| | : | (iv) Public Records of the Ohio Department of Job and Family Services and Summaries Thereof |

In advance of the hearing on the Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiffs respectfully give notice of the filing of the following documents attached hereto:

(i) the Declaration of Paul Zeltweanger, Chairman of the OHIO 2020 Economic Recovery Task Force;

(ii) the Declaration of Michael Wilson, Special Advisor to the Chairman of the Ohio Economic Recovery Task Force;

(iii) the Declaration of Plaintiff Tanya R. Hartman; and

(iv) Public records of the Ohio Department of Job and Family Services concerning notices of layoffs and closures, together with summaries thereof.

Together, these documents demonstrate that continued enforcement of the "non-essential business" prohibition without the protections afforded by the Due Process Clause threatens immediate and irreparable harm to the Plaintiffs, third parties, and the general public.

To aid the Court and the parties in light of the expedited nature of these proceedings, such evidence, its relevance, and precise injunctive relief it warrants is summarized below.

**<u>Immediate Irreparable Harm To the Plaintiffs and to the Public Threatened by the Non-Essential Business Ban</u>**

1. Throughout the past four weeks, 855,197 workers have filed claims for unemployment benefits. That represents about 15% of the state's workforce. *https://www.dispatch.com/news/20200419/doubts-on-coronavirus-danger-emerge-as-ohios-outlook-improves*

2. The Ohio Department of Job and Family services publishes a running list of "Current Public Notices of Layoffs and Closures," available online at *https://jfs.ohio.gov/warn/current.stm*

1

3. As a result of the ban on "non-essential" businesses, the ODJFS reported that 595 layoffs were announced on April 16, 2020.

4. The ODJFS reported that 1,128 layoffs were announced on April 15, 2020.

5. The ODJFS reported that 1,208 layoffs were announced on April 14, 2020.

6. There is every reason to belief, and no reason not to believe, that at a minimum, between 595 and 1,128 Ohioans per day will continue to lose their jobs on April 20, 2020, April 21, 2020, April 22, 2020 and so on, so long as the ban on "non-essential" business, without Due Process, remains in place.

7. The public record plainly demonstrate that the vast majority of these layoffs took place in non-essential businesses.

8. The Declaration of State Representative Paul Zeltwanger, Chairman of the OHIO 2020 Economic Recovery Task Force ("Ohio 2020"), "a bipartisan task force that will focus on helping get Ohio's economy back on track in the wake of the COVID-19 pandemic," confirms that the State's prohibition of "non-essential business" without Due Process is a major cause of the past, ongoing, and immediate and impending harm Ohioan, including the Plaintiffs, now face.

9. Chairman Zeltwanger has been charged by the State with "examining the barriers to economic recovery from the COVID-19 pandemic, and determining how we are to help Ohio's families and employers recover and emerge stronger."

10. To that end, Chairman Zeltwanger "has heard testimony of key businesses and business leaders representing the business, manufacturing, retail, wholesale, services and recreational sectors to discuss their experience and brainstorm ways to rebound Ohio's job market once COVID-19 has run its course," and "received hundreds of communications from business owners and leaders, several dozen of whom will provide additional testimony to the Task Force in the coming week."

11. Based upon the personal knowledge he has amassed in carrying out these functions, Chairman Zeltwanger concludes as follows:

    - "[M]any businesses and their employees have been significantly impacted by the forced closure of businesses that the state has labeled as "non-essential."

    - "[M]any Ohio businesses and their employees, across numerous sectors and geographies, are facing the same impending and irreparable damages that the Plaintiffs in this case will face."

    - Even though "Many essential businesses have swiftly modified their operating procedures and have successfully and safely stayed open through the shelter in place Orders," businesses deemed "nonessential" have not been afforded a hearing to demonstrate that they could do the same.

    - "With each passing day, Ohio businesses that have been deemed "non-essential" are failing, laying off their employees, and defaulting on their obligations, creating systemic harm throughout our communities and economy."

- "If there were ever a situation where "time is of the essence," time is of the essence to lift the ban on "non-essential" business now."

12. On the basis of his expertise and personal knowledge, Chairman Zeltwanger concludes that, "assuming all businesses follow CDC guidelines and the other social distancing directives . . . the ban on "non-essential" businesses should be lifted as soon as possible."

13. Chairman Zeltwanger further concludes that "if afforded an opportunity through a meaningful hearing, many Ohio businesses that are currently shut down as "non-essential" could demonstrate that they are capable of operating, at least in some limited capacity, in a safe fashion."

14. Finally, Chairman Zeltwanger, on the basis of his expertise and personal knowledge, confirms that "the State maintains the resources and means to provide hearings to objecting businesses without worsening the pandemic."

15. Plaintiffs are just one example of the many that confirm the public data and the testimony of Chairman Zeltwanger.

16. As with so many other Ohioans, continued enforcement of the "non-essential business" prohibition without Due Process threatens immediate and imminent harm to the Plaintiffs.

17. More specifically, Plaintiffs confirm that "[e]ach passing day and week that we remain closed greatly increases the possibility that I will eventually face personal and business financial ruin by way of default on credit cards, default on our lease, default on my personal home mortgage, default on my personal car payment, default on my personal home equity line of credit used to purchase the business, or lay off my employees and not be able to reopen."

18. Plaintiffs further confirm that "Despite our closure, our monthly fixed costs stay the same for a total of $12,442," even as their revenue has become little to nothing - - an attempt at online sales in response to the closure has failed to bear fruit. These costs are the same whether Plaintiffs sell 0 or 100 dresses.

19. Plaintiffs' like so many other Ohioans, lack the collateral to take out further loans at this critical time; and like many others, Plaintiffs' insurance will not insure losses due to the State's forced closure.

20. Opening would subject Plaintiffs to criminal liability, but failing to fill all dress orders due to their financial calamity would also subject Plaintiffs to criminal liability, since Now-Governor Mike DeWine and the Ohio Attorney General's Office have in the past vigorously prosecuted bridal shops who fail to fill dress orders.

21. The irreparable harm to Plaintiff is heightened because the State has made clear in its Memorandum its position that it opposes monetary damages for those whose businesses the State has banned. Doc. 4, PageID 70.

22. As is the case with so many, inflicting this level of harm on Plaintiffs is totally unnecessary because Plaintiffs are entirely able to incorporate "new social distancing methods" into their business practice, and if granted an administrative hearing, could prove this while, simultaneously disproving the Defendant's hollow allegations (made from spending a few hours on Plaintiffs' website that has not been fully updated to account for the ban on non-essential business or when it will end) about their current and potential future business practices.

23. Finally, Plaintiffs do not propose to operate in a manner that threatens any harm to the public: "I know my business, industry, and clients well enough to know that if I were able to open immediately, with current CDC and State of Ohio social distancing safety regulations in place, my business could survive, irrespective of whether these other health and safety regulations remained in place."

24. Contrary to the Defendant's mere presumptions, Special Advisor to the Chairman of the Ohio Economic Recovery Task Force Michael Wilson has employed mathematical and statistical modeling to conclude the following:

    - Defendant's predictions regarding the pandemic, irrespective of the assumptions made, have thus far proven entirely false.

    - The growth rate in Ohio COVID-19 cases began to decelerate on March 15, 2020, *before* the Defendant imposed the March 22, 2020 ban on "non-essential" businesses.

    - No mathematician working for the state has been able to quantify the effect of the ban on "non-essential" businesses alone, much less operating that ban without Due Process, on the rate at which the pandemic has spread.

    - Because of the deceleration in the growth rate began on March 15, 2020, before enactment of the "non-essential" business ban, one must concluded that it is not possible to attribute any reduction (or increase) in new cases per day to the Ban.

    - The Defendant's predictions and date relied upon to make predictions regarding spread of the COVID-19 pandemic have thus far suffered from "predictive failures" and "obvious inaccuracy."

The foregoing evidence of immediate and irreparable harm to Plaintiffs and the public posed by the "non-essential" business ban without Due Process, and concomitant absence of evidence that either opening "non-essential" businesses or providing them a hearing, contained in Plaintiffs' Declarations filed contemporaneous with this Notice, affirms that Plaintiffs remain entitled to the following injunctive relief: ***This Court should immediately enjoin the Defendant and her agents and assignees from enforcing the Order that "non-essential business and operations must cease" (articulated in Doc. 1-1, PageID 16 and elsewhere), unless or until the State affords meaningful Due Process hearings to those same Ohioans whose businesses it has deemed "non-essential."***

Plaintiffs request no injunctive relief related to safety measures such as "prohibited activities," "prohibited travel," or "Social Distancing Requirements," (articulated in Doc. 1-1, PageID 16, 17, and 24) meaning that those measure would (1) continue to bind "non-essential" businesses that open; and (2) prohibit

some "non-essential" businesses that cannot comply with those measures from opening. Safety protocols, rather than inherent identity, should govern businesses in the near term, whether that business is deemed "essential" or not, particularly as the State fails to afford meaningful Procedural Due Process. Finally, it bears emphasis that Plaintiffs are not seeking and do not claim to deserve special treatment separate and apart from that due to all "non-essential" businesses that can abide by State of Ohio and CDC safety protocols.

Respectfully submitted,

*/s/ Maurice A. Thompson*
Maurice A. Thompson (0078548)
1851 Center for Constitutional Law
122 E. Main Street
Columbus, Ohio 43215
Tel: (614) 340-9817
*MThompson@OhioConstitution.org*
*Counsel of Record*

Christopher Finney (0038998)
Finney Law Firm, LLC
4270 Ivy Pointe Boulevard, Suite 225
Cincinnati, Ohio 45245
(513) 943-6660 phone
(513) 943-6669 fax
*Chris @FinneyLawFirm.com*

CURT C. HARTMAN (0064242)
THE LAW FIRM OF CURT C. HARTMAN
7394 Ridgepoint Drive, Suite 8
Cincinnati, Ohio 45230
TEL: (513) 379-2923
*HartmanLawFirm@fuse.net*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on Defendants, through email to Defendants' Counsel, on **April 19, 2020**

    Respectfully submitted,
    /s/ _Maurice A. Thompson
    Maurice A. Thompson (0078548)